IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN DEL NERO, | : | CIVIL ACTION |
| | : | NO. 06-4285 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC., | : | |
| | : | |
| Defendant | : | |

**ORDER**

**AND NOW**, this **6th** day of **October, 2021**, after considering Plaintiff's ex parte Motion to Seal Records (ECF No. 12), it is hereby **ORDERED** that said motion is **DENIED without prejudice.**[1]

---

[1] The common law presumes that the public has a right of access to "judicial proceedings and records." In re Avandia Mktg., Sales Practices and Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) (quoting In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)). However, the common law right of access is not absolute. Id. at 672 (quotations omitted). A party seeking to seal public documents may overcome the common law presumption by showing "that the interest in secrecy outweighs the presumption." Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986).

In granting any motion to seal public court records, a "District Court must articulate the compelling, countervailing interests to be protected make specific findings on the record concerning the effects of disclosure, and provide[] an opportunity for interested third parties to be heard." In re Avandia Mktg., Sales Practices and Prod. Liab. Litig., 924 F.3d at 672-73 (quotations omitted). As this presumption of public right to access also extends to a party's name, an ex parte motion to change a name to a pseudonym is also inappropriate. See Doe v. Evans, 202 F.R.D. 173, 175 (E.D. Pa. 2001) ("In determining whether a party may proceed under a pseudonym, the public's right of access should prevail unless the party requesting pseudonymity demonstrates that he interests in privacy or security justify pseudonymity.") (citation omitted).

Filing a motion ex parte fails to give "an opportunity for interested parties to be heard" as the common law requires. Id. While Del Nero attaches several orders from other federal courts granting similar motions, it appears each of these was filed in a manner that granted other parties the

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
------------------------------
**EDUARDO C. ROBRENO, J.**

---

opportunity to respond. (See ECF No. 12-1 at 5; ECF No. 12-2 at 9-10, 11, 12, 14.)

    Because the nature of Del Nero's ex parte motion denies the defendant, NCO Financial Systems, Inc. its common law right to respond, the Court need not consider the motion's merits. As such, it is denied without prejudice. Should Del Nero choose to petition the court again to seal the records of his civil case, he may file a motion under seal but must serve it on NCO Financial Systems, Inc.